UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT FRANKFORT

*Electronically Filed*

| | |
|---|---|
| CHRISTOPHER DAVID,    )<br>    PLAINTIFF,    )<br>    )<br>VS.    )<br>    )<br>FRANKLIN COUNTY, KENTUCKY    )<br>Serve:  Michael Mueller    )<br>    County Judge- Executive    )<br>    321 West Main Street    )<br>    Frankfort, KY 40601,    )<br>    )<br>AND    )<br>    )<br>SHERIFF CHRIS QUIRE, Individually    )<br>Serve:  Franklin County Public Safety Complex    )<br>    974 River Bend Road    )<br>    Frankfort, KY 40601,    )<br>    )<br>AND    )<br>    )<br>DEPUTY PHILLIP RAY, Individually    )<br>Serve:  Franklin County Public Safety Complex    )<br>    974 River Bend Road    )<br>    Frankfort, KY 40601    )<br>    )<br>    DEFENDANTS.    )<br>_____)| CASE NO. _____ |

## **COMPLAINT**

### I. JURISDICTION AND VENUE

1. The Plaintiff, Christopher David, seeks damages from the Defendants identified above under the Civil Rights Act of 1871, 42 U.S.C. §1983, for their objectively unreasonable, gross, and unconscionable use of excessive force in violation of the Plaintiff's rights, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments to the

Constitution of the United States. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 38 U.S.C. §13331 and §1343. The Plaintiff also brings state law claims for negligence, gross negligence, assault and battery, and abuse of public office, pursuant to the supplemental jurisdiction of this Court granted by 28 U.S.C. §1367. Because Franklin County, Kentucky is the location of all acts pertinent to this suit, venue is proper in this Court.

## II.  PARTIES

2. The Plaintiff resides in Jefferson County, Kentucky. The Defendants reside or exist in Franklin County, Kentucky, and all actions complained of herein occurred in Franklin County, Kentucky.

3. Defendant Franklin County at all times mentioned herein employed and was responsible for the establishment of policies, either formally or by custom for, and the training, supervision, and conduct of, Sheriff Chris Quire and the officers and employees of the Franklin County Sheriff's Office ("FCSO").

4. Defendant Chris Quire at all times mentioned herein was the Franklin County Sheriff and was responsible for the establishment and enforcement of policies, either formally or by custom for, and the training, supervision, and conduct of the Defendant Ray, and all other members of FCSO.

5. Defendant Phillip Ray is a Deputy of the FCSO who directly and personally conducted and participated in the Plaintiff's mistreatment described below.

## III. NATURE OF DEFENDANT'S CONDUCT

6. Defendants, individually and in conspiracy with one another, engaged in the conduct described below under the color of the law of the Commonwealth of Kentucky, and

knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct described below in their individual capacities. On information and belief, the offenses described below are as a result of the failure of Franklin County, Kentucky and Defendant Quire to employ qualified persons for positions of authority and/or to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or to promulgate appropriate policies and procedures either formally or by custom or to enforce existing policies and procedures to protect the constitutional rights of American citizens and citizens of the Commonwealth of Kentucky like the Plaintiff herein. Defendant Ray used excessive force in his treatment of the Plaintiff. Defendant's conduct was intentional, objectively unreasonable, malicious, and grossly negligent, and justifies an award of actual and punitive damages.

### IV. FACTS

7. The Plaintiff was the driver of an automobile pursued by the Defendants on the night of April 18, 2022.

8. The Plaintiff was ostensibly stopped by Defendant Ray after he allegedly observed the Plaintiff utilizing a cell phone during the operation of a motor vehicle and allegedly speeding in excess of 10 miles an hour over the posted speed limit.

9. Defendant Ray approached the Plaintiff's vehicle from the passenger side, obtained his license and registration, made inquiry of the Plaintiff, returned to his vehicle and, upon information and belief, prepared and issued a citation for speeding 10 miles an hour over the limit, use of a communication device violation first offense, and no registration receipt.

10. The Plaintiff then departed from the scene and Defendant Ray immediately took chase again, alleging that the Plaintiff had snatched the citation and pulled off at a high rate of speed with the Defendant standing directly beside the vehicle. The allegation of the Defendant Ray was that the Plaintiff showed no regard for his life as he nearly struck him with his vehicle as he pulled off. The Defendant Ray then gave chase again, and the Plaintiff voluntarily pulled over immediately upon seeing the additional emergency lights. The Defendant, then enraged, attempted to snatch and thereafter did snatch the Plaintiff from his motor vehicle after smashing the driver's side window out, all caught on video. The Defendant Ray then yanked the Plaintiff from the vehicle and began to strike him about his head, face, and back, yelling the common words "do not resist." The Plaintiff resisted in no way, stated he was not resisting, lying flat on his face, was punched again over and over about his head, his neck, his back, his sides by the Defendant Ray, with no justifiable basis or reason, assaulting and injuring the Plaintiff. After being placed in handcuffs, the Plaintiff was then struck again by the Defendant Ray, cursed and yelled at for no lawful reason. The unprovoked, unwarranted and unlawful assault and battery upon the Plaintiff reveals that FCSO has obviously serious deficiencies in employing, supervising, and training its officers that is likely to result in more and more serious violations of the constitutional rights of the citizens of the Commonwealth of Kentucky if allowed to continue.
11. That the Defendants, Ray, Franklin County, and Quire, are previously engaged in litigation in Federal Court for similar conduct and lack of supervision as described herein above.

12. That public comment, investigation, and defense of other civil suits clearly placed Franklin County, Sherriff Quire, and Defendant Ray, on notice of Defendant Ray's deficiencies, lack of capability of maintaining himself appropriately as an officer of the law and allowed him to continue as a deputy with full knowledge of his threat to the citizens of the Commonwealth of Kentucky. Defendant Ray's mistreatment was captured by the cell phone of the Plaintiff, the deputy's dash cam, the deputy's vest cam, and potentially other officers proceeding to the scene.

13. Prior to and after employing Defendant Ray, Defendant Franklin County knew that Defendant Ray overreacted to events, was violent, used unnecessary and excessive force, and was likely to violate FCSO policies and unnecessarily injure persons with whom he came into contact. Defendant Franklin County nevertheless continued to employ Defendant Ray, armed him with the power, authority and weaponry of a law enforcement officer, and turned him loose on unsuspecting citizens traveling through Franklin County.

14. Despite such knowledge. Defendants Franklin County and Quire continue to employ Ray and equip him with the power and means to use excessive force and made little attempt, if any, to restrain his unlawful impulses. Ray's continued employment and his unrestrained misconduct directly caused and contributed to Plaintiff's injuries.

15. As a consequence, Plaintiff has suffered considerable mental and physical pain and suffering. He will continue to experience mental and physical suffering in the future as a consequence of this unnecessarily violent and terrifying encounter with Defendants.

## V.  CAUSES OF ACTION

### Count 1

16. Defendants' mistreatment of the Plaintiff was objectively unreasonable, intentional, reckless, deliberate, wanton, and/or malicious, and was indicative of their total, deliberate, and reckless disregard of and indifference to the Plaintiff's safety and welfare, as well as his rights and the risk of harm to him occasioned by such conduct.

17. As a result of the foregoing, Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983.

### Count 2

18. By virtue of the foregoing, the individual Defendants were negligent and grossly negligent.

### Count 3

19. By virtue of the foregoing, Defendant Ray assaulted and battered the Plaintiff.

### Count 4

20. Defendants Franklin County and Quire are liable to the Plaintiff through their collective abuse of public office and for vicarious liability found in KRS 522.010 et seq, and KRS 70.040, for which Plaintiffs are entitled to recover damages pursuant to KRS 446.070.

## VI.  DAMAGES

21. The Plaintiff is entitled to recover for the mental and physical pain and suffering he has experienced in the past and will experience in the future as a result of the Defendants' misconduct. In addition, Defendants' violation of Plaintiff's constitutional and common

law rights was intentional, cruel, gross, reckless, and malicious, entitling the Plaintiff to recover punitive damages to deter such conduct in the future.

**WHEREFORE,** the Plaintiff requests a trial by jury of all allegations set forth herein, that he be awarded actual and punitive damages with pre- and post-judgment interest, attorneys' fees pursuant to 42 U.S.C. §1988, costs, and all other relief to which he may be entitled under law or in equity.

Respectfully submitted,

/s/C. Gilmore Dutton, III
C. Gilmore Dutton, III
DUTTON LAW OFFICE, PLLC
513 Main Street
P.O. Box 967
Shelbyville, Kentucky 40066
Phone: (502) 633-0504
Facsimile: (502) 633-9833
cgdutton@duttonlawoffice.com
*Counsel for Plaintiff*