UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

| | |
|---|---|
| CHRISTOPHER DAVID,  )<br>  )<br>    Plaintiff )<br>  )<br>v. )<br>  )<br>FRANKLIN COUNTY, KENTUCKY, *et al.* )<br>  )<br>    Defendants )<br>  ) | Case No. 3:23-cv-00028-GFVT |

\*\*\*\*\*\*\*\*\*\*\*

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL**

Defendants, Franklin County, Kentucky (the "County"), Sheriff Chris Quire ("Sheriff Quire"), and Deputy Phillip Ray ("Deputy Ray")[1] (collectively, the "Franklin County Defendants"), by counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby respectfully submit the following Memorandum of Law in Support of Motion for Partial Dismissal of the Complaint ("Complaint") of Plaintiff, Christopher David ("Plaintiff").

## **BACKGROUND**

This action (the "Action") arises out of a traffic stop in Franklin County, Kentucky in the early morning hours of April 18, 2022. Deputy Ray pulled Plaintiff over for speeding and for using a communication device while driving. (Compl. ¶ 8.) Upon being issued a ticket by Deputy Ray, Plaintiff "snatched the citation and pulled off at a high rate of speed with [Deputy Ray] standing directly beside the vehicle … nearly str[iking] him with his vehicle as he pulled off." (Compl. ¶¶ 9-10.)

---

[1] Deputy Ray was recently promoted to the rank of Sergeant. For the sake of clarity, though, he will continue to be referred to herein as "Deputy Ray."

Because of this erratic and dangerous driving, Deputy Ray returned to his vehicle and pulled Plaintiff over a second time immediately thereafter. (*Id.*) In his Complaint, Plaintiff notes that, according to Deputy Ray, "Plaintiff showed no regard for his life as he nearly struck him with his vehicle as he pulled off [from the first traffic stop]." (Compl. ¶ 10.) Plaintiff then alleges that Deputy Ray "snatch[ed] the Plaintiff from his motor vehicle after smashing the driver's side window out, all caught on video. The Defendant Ray then yanked the Plaintiff from the vehicle and began to strike him about his head, face, and back," and that Deputy Ray "with no justifiable basis or reason, assault[ed] and injur[ed] the Plaintiff. (*Id.*) The events of April 18, 2022 will be referred to herein as the "Incident."

Now, Plaintiff has brought claims against the Franklin County Defendants in connection with the Incident. In particular, Plaintiff has made a § 1983 claim against all defendants; a negligence/gross negligence claim against Sheriff Quire and Deputy Ray; an assault/battery claim against Deputy Ray; and an "abuse of public office" claim against the County and Sheriff Quire. As explained herein, Plaintiff's negligence/gross negligence claim against Sheriff Quire and Deputy Ray is subject to Rule 12 dismissal at this time, as is Plaintiff's "abuse of public office" claim against the County and Sheriff Quire.

## ANALYSIS

**A.    Legal Standard.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a plaintiff's complaint where the pleading's allegations "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must plead facts—not merely "labels and conclusions"—that on their face plausibly suggest entitlement to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the U.S. Supreme Court

has explained, "*facts that are merely consistent with a defendant's liability … stop[] short of the line between possibility and plausibility*." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (emphasis added). Rather, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (this is accomplished "when all well-pled factual allegations are accepted as true—contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory."). The trial court "*need not accept as true legal conclusions or unwarranted factual inferences*." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quotation marks and citations omitted) (emphasis added).

**B.     Plaintiff's negligence/gross negligence claim against Sheriff Quire and Deputy Ray should be dismissed for failure to state a claim upon which relief can be granted, and because Plaintiff's allegations against Deputy Ray are irreconcilable with such a claim.**

Plaintiff's claim for negligence/gross negligence should be dismissed with prejudice because (a) he provides no factual allegations upon which a reasonable inference could be made that Sheriff Quire or Deputy Ray was negligent or grossly negligent; and (b) the allegations Plaintiff makes in his Complaint against Deputy Ray are entirely inconsistent with the torts of negligence and gross negligence.

*Plaintiff's Complaint Fails to State a Claim Upon Which Relief can be Granted.* It is axiomatic that a negligence action requires (a) a recognized duty; (b) a breach of that duty by the defendant; and (c) a consequent injury. *James v. Wilson*, 95 S.W.3d 875, 889 (Ky. App. 2002). In the present Action, Plaintiff does not allege any duty that Sheriff Quire or Deputy Ray owed to him, he does not allege a subsequent breach of any duties, and he does not allege any consequent injury pertaining to his claim of negligence/gross negligence against them. Indeed, apart from

3

noting that he is "bring[ing] state law claims for negligence [and] gross negligence," the only other explicit reference to such claim is strictly recitational. (*See* Compl. ¶ 6) ("Defendant's conduct was intentional, objectively unreasonable, malicious, and grossly negligent….") As the U.S. Supreme Court has explained, to survive a motion to dismiss, a complaint must plead ***facts***—not merely "labels and conclusions." *Twombly*, 550 U.S. at 555. As such, this formulaic legal conclusion is entitled to no deference from the Court. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (holding that "a legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient.").

Likewise, although Plaintiff has included a separate heading in his Complaint for "Count 2," relating to negligence/gross negligence, the entirety of the count is one sentence, which states as follows: "By virtue of the foregoing, the individual Defendants were negligent and grossly negligent." (Compl. ¶ 18.) This, too, is merely a formulaic legal conclusion, and a grossly inadequate one at that. *See Fritz*, 592 F.3d at 722; *see also Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do."). There is no mention of the specific duty allegedly owed by Sheriff Quire or Deputy Ray to Plaintiff, or the exact manner in which they breached that unidentified duty, or how, specifically, Plaintiff was damaged thereby. In fact, the words "duty" and "breach" do not appear anywhere in the Complaint. In other words, while a mere recitation of the elements of negligence/gross negligence would be insufficient, standing alone, to survive a motion to dismiss, Plaintiff has not even done that. Accordingly, he has fallen well short of stating a claim for negligence and gross negligence, and the Court should dismiss this claim against Sheriff Quire and Deputy Ray.[2]

---

[2] Plaintiff attempts to use separate litigation in which the Franklin County Defendants are currently involved as somehow constituting support for "notice" for this claim, but this is nothing more than inappropriate speculation.

4

***Plaintiff's Allegations Against Deputy Ray are Completely Inconsistent with the Torts of Negligence/Gross Negligence.*** What Plaintiff *has* done, however, is allege facts relating to the Incident: Plaintiff alleges that Deputy Ray effected the first traffic stop in question (Compl. ¶¶ 8-9); he alleges that Deputy Ray "prepared and issued a citation" (Compl. ¶ 9); he alleges that Deputy Ray "gave chase again" and, "enraged, attempted to snatch and thereafter did snatch the Plaintiff from his motor vehicle;" he alleges that Deputy Ray "yanked the Plaintiff from the vehicle and began to strike him" (Compl. ¶ 10); and he alleges that Deputy Ray "assault[ed] and injured the Plaintiff." (*Id.*) Thus, the few factual allegations provided by Plaintiff in the Complaint ***directly contradict*** a tort claim for negligence/gross negligence, rendering it untenable even if he *had* stated a claim upon which relief can be granted, which he has not done.

In *Ali v. City of Louisville*, No. 3:05-cv-427, 2006 U.S. Dist. LEXIS 66426 (W.D. Ky. Sept. 15, 2006), this Court's sister court in the Western District of Kentucky dealt with facts containing many parallels to the one at bar. The *Ali* Court held as follows:

> There is no such thing as a negligent battery. *See* Restatement (2d) of Torts ¶ 13. Where the officer may have mistakenly believed that he needed to use the amount of force that he did, that does not change the fact that initial action was intentional, or alter the objective analysis of whether the force he ultimately used was excessive. Thus, where an unwanted touching (a battery), which is inherent in any arrest, escalates beyond that which is reasonably necessary into excessive force, ***the cause of action is solely for battery***, with the officer's privileged use of force ending when the excessive force began. ***To permit a separate claim for negligence creates the risk that a jury would assume that, even if no excessive force were used, the officer might still be liable for some undefined negligence***. Such a result is doctrinally unsupportable and unacceptable, because each time an officer uses force, he commits an intentional act of battery for which he is liable, unless he is clothed by a privilege permitting him to use a reasonable amount of force.

---

Indeed, Plaintiff even makes the nonsensical statement that the separate lawsuit (in which this Court actually *dismissed* the negligence/gross negligence claim against Deputy Ray) "placed … Defendant Ray on notice of Defendant Ray's deficiencies." (Compl. ¶ 12.) Statements such as these are entitled to no deference from the Court. Even if the unsupported buzzword of "notice" were entitled to a closer look, and it is not, Plaintiff fails to identify any actual **facts** that Sheriff Quire should have had notice of with respect to this claim, and dismissal remains appropriate.

5

*Ali*, 2006 U.S. Dist. LEXIS 66426, at *25-26 (emphasis added).

Here, Plaintiff makes no factual allegations that Deputy Ray *accidentally* or *unknowingly* or *negligently* removed him from his car to arrest him. Rather, Plaintiff makes allegations specifically relating to Deputy Ray's act of *intentionally* removing him from his car, using force against him, and arresting him. (*See generally* Compl.) These allegations are irreconcilable with a claim for negligence/gross negligence. *See Ali*, 2006 U.S. Dist. LEXIS 66426, at *25-26. "There is no such thing as a negligent battery," and while the Franklin County Defendants vehemently disagree that any assault/battery took place, there can be no serious disagreement that Plaintiff's claim with respect to the Incident relate solely to what he claims was an assault/battery, *i.e.*, intentional acts. *See id.* Simply put, Plaintiff cannot have it both ways—permitting such inconsistencies "is doctrinally unsupportable and unacceptable." *See id.*

In sum, Plaintiff has made no factual allegations relating to the specific elements of negligence/gross negligence and, indeed, has not even made a formulaic recitation of the *elements* of such claims. Accordingly, he has failed to state a claim upon which relief can be granted, and the negligence/gross negligence claim against Sheriff Quire and Deputy Ray should be dismissed. Moreover, all of Plaintiff's allegations relate specifically to his detainment, *i.e.*, objectively intentional acts. Such factual allegations are incompatible with a claim for negligence or gross negligence, thereby providing another basis upon which to dismiss the negligence/gross negligence claim against Deputy Ray specifically.

**C.    Plaintiff's claim for "abuse of public office" under KRS 522.010 *et seq.* is not a recognized civil claim and must be dismissed. In any event, Plaintiff has failed to state a claim upon which relief can be granted.**

Plaintiff's final claim, made against the County and Sheriff Quire, is for "abuse of public office" under KRS 522.010 *et seq.* (Compl. ¶ 20.) However, KRS ch. 522, the statutory chapter

6

under which Plaintiff purports to bring this claim, is a part of the Kentucky Penal Code, and "official misconduct" and "abuse of public office" under these provisions of Kentucky law are not cognizable claims in a civil action like this one. Accordingly, dismissal is warranted at this time.

In *Madden v. Calvert*, No. 1:16-cv-147, 2017 U.S. Dist. LEXIS 160830 (W.D. Ky. Sept. 29, 2017), this Court's sister court in the Western District of Kentucky dealt with a civil action brought by plaintiff William Madden against Todd Calvert, at that time the Circuit Court Clerk for Allen County, Kentucky. Madden sought relief under § 1983, and he further alleged claims for official misconduct and abuse of authority under KRS 522.010 *et seq.*, exactly as Plaintiff has done in this Action. *See id.* at *3, 16-17. In dismissing Madden's claims for official misconduct and abuse of authority, the *Calvert* Court explained as follows:

> Madden's claims for official misconduct and abuse of authority must be dismissed because Kentucky does not recognize these torts. While the Kentucky Penal Code lists 'official misconduct in the first degree' as a criminal offense, KRS 522.020, neither the Kentucky Revised Statutes nor Kentucky case law recognize a corresponding tort law claim for 'official misconduct.' Additionally, abuse of authority—as separate from abuse of process—is not a recognized tort claim under Kentucky law.

*Id.* at *16-17. The issue is no different here because Plaintiff has brought ***exactly these claims*** against the County and Sheriff Quire. And, as these ***criminal statutes*** are not cognizable claims in a ***civil action*** like this one, the Court must dismiss Plaintiff's abuse of office claim at this time.

Alternatively, if this Court determines that abuse of public office under KRS 522.010 *et seq.* is a cognizable civil claim, and it should not, dismissal is still warranted on the basis of Plaintiff's failure to state a claim upon which relief can be granted.

First, there can be no question that Plaintiff's claim for "abuse of public office" against the County is subject to dismissal. KRS 522.010 *et seq.* contemplates criminal penalties against **people**, not against an administrative body like a county. Likewise, KRS 70.040 relates specifically

7

to a county sheriff and his deputies, *not a county*. Thus, to the extent that this Court finds conclusively that plaintiffs in civil actions are able to recover under the criminal statutes found in KRS 522.010 *et seq.*, it cannot logically follow that the *County* is subject to those provisions as well. The Court should dismiss Plaintiff's claim for "abuse of public office" against the County as both a legal and factual impossibility.

Second, and in any event, a cursory review of the Complaint demonstrates that Plaintiff has fallen woefully short of stating a claim for abuse of public office. To wit, the only references to this claim are found in Paragraph 1 and Paragraph 20 of the Complaint. In the former, Plaintiff merely identifies that he is "bring[ing] state law claims for negligence, gross negligence, assault and battery, and abuse of public office…." (Compl. ¶ 1.) Plaintiff provides no details of this (or any) claim in Paragraph 1. Moving to Paragraph 20, it states in its entirety as follows: "Defendants Franklin County and Quire are liable to the Plaintiff through their collective abuse of public office and for vicarious liability found in KRS 522.010 et seq, and KRS 70.040, for which Plaintiffs are entitled to recover damages pursuant to KRS 446.070." (Compl. ¶ 20.) There is only one plaintiff in this Action but, setting that aside, this paragraph does not state a claim upon which relief can be granted.

The U.S. Supreme Court has explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' ***requires more than labels and conclusions***, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545 (emphasis added). Here, the only paragraph of the Complaint with any allegations of "abuse of public office" whatsoever is Paragraph 20, and the allegations in that paragraph are utterly formulaic and speculative. Indeed, there are four different crimes under

KRS ch. 522: Official misconduct in the first degree (KRS 522.020); Official misconduct in the second degree (KRS 522.030); Misuse of confidential information (KRS 522.040); and Abuse of public trust (KRS 522.050). Plaintiff's allegations are so bare bones, he has not even bothered to list which one or more of these provisions (which have different elemental requirements) under which he is purporting to sue the County and Sheriff Quire. Instead, he has just cited to the *entire chapter* and, in the process, he has provided *zero* facts which, taken as true, would entitle him to any relief. (*See* Compl. ¶ 20.)

Simply put, no "reasonable inference" can be drawn from the Complaint "that the defendant[s] [are] liable for the misconduct alleged" with respect to Plaintiff's abuse of public office claim." *Iqbal*, 556 U.S. at 678 (citation omitted). Which section(s) of KRS ch. 522 does Plaintiff purport to sue under? What actions or inactions of the County and/or Sheriff Quire form the basis for relief? How was Plaintiff damaged by such actions or inactions? What causal connection is there? ***Plaintiff answers none of these questions because Plaintiff has offered <u>zero</u> facts to support this bare-bones claim***.

The Franklin County Defendants respectfully submit that "abuse of public office" is not a cognizable civil claim in Kentucky and, accordingly, Plaintiff's claim must be dismissed. In any event, Plaintiff's Complaint is devoid of factual allegations which, taken as true, would entitle him to any relief on this claim, meaning that he has failed to state a claim upon which relief can be granted, and the Court should dismiss the claim at this time.

**D.     To the extent that Plaintiff purports to bring state law claims against Sheriff Quire and Deputy Ray in their official capacities, they are entitled to immunity.**

In his Complaint, Plaintiff purports to bring a negligence/gross negligence claim against Sheriff Quire and Deputy Ray; an assault and battery claim against Deputy Ray; and an "abuse of public office" claim against Sheriff Quire and the County. However, Plaintiff fails to identify

9

whether these state law claims are brought against Sheriff Quire and Deputy Ray in their official and/or individual capacities. To the extent that Plaintiff purports to bring these claims against Sheriff Quire and Deputy Ray in their *official* capacities, such claims are barred on immunity grounds and subject to dismissal at this time.

In *Jones v. Cross*, 260 S.W.3d 343, 345 (Ky. 2008), the Kentucky Supreme Court explained that, "absent a waiver thereof, a sheriff, as a county official, has absolute official immunity at common law for torts when sued in his official capacity." *See Sowell v. Clark*, 2009 U.S. Dist. LEXIS 8817, at *6 (W.D. Ky. Feb. 5, 2009) (citing *Jones* with approval). Similarly, this Court's sister court has explained as follows: "Additionally, a deputy sheriff is 'entitled to the same immunity possessed by the Sheriff … in his official capacity while performing duties as deputy sheriff.'" *Wheeler v. Ward*, 2020 U.S. Dist. LEXIS 50809, at *16 (W.D. Ky. Mar. 23, 2020) (quoting *Harlan Cnty. v. Browning*, 2013 Ky. App. Unpub. LEXIS 184 (Ky. App. Feb. 22, 2013)).

As explained above, Plaintiff's negligence/gross negligence and "abuse of public office" claims are subject to Rule 12 dismissal *in toto*. However, any official capacity claim Plaintiff has purported to make against Sheriff Quire for negligence/gross negligence and "abuse of public office" are likewise subject to dismissal on the basis of absolute official immunity. The same holds true for Plaintiff's negligence/gross negligence and assault/battery claims against Deputy Ray, to the extent they have been made against him in his official capacity.

## **CONCLUSION**

Plaintiff provides no factual allegations supporting his negligence/gross negligence claim against Sheriff Quire and Deputy Ray, meaning that the Court should dismiss this claim with prejudice. With respect to Deputy Ray, Plaintiff's allegations also directly contradict any claim of negligence/gross negligence, thereby providing an additional basis upon which to dismiss this

10

claim. Next, "abuse of public office" is not a cognizable civil claim in Kentucky and, in any event, Plaintiff has fallen woefully short of stating a claim upon which relief can be granted against the County and Sheriff Quire on this claim; thus, the "abuse of public office" claim should be dismissed with prejudice as well. Finally, to the extent that Plaintiff purports to bring his state law claims against Sheriff Quire and Deputy Ray in their official capacities, such claims are subject to dismissal on immunity grounds.

Respectfully submitted,

 /s/  Andrew Hagerman
Paul C. Harnice
Sarah J. Bishop
Andrew T. Hagerman
STOLL KEENON OGDEN PLLC
201 West Main Street, Suite A
Frankfort, Kentucky 40601
Telephone: (502) 875-6220
paul.harnice@skofirm.com
sarah.bishop@skofirm.com
andrew.hagerman@skofirm.com
*Counsel for the Franklin County Defendants*

**CERTIFICATE OF SERVICE**

I certify that, on May 19, 2023, I served the foregoing via the Court's CM/ECF system, which will send all parties of record a notice of electronic filing.

                                                      _/s/_Andrew Hagerman_____
                                                    *Counsel for the Franklin County Defendants*