UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| CHRISTOPHER DAVID,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> FRANKLIN COUNTY, KENTUCKY,  ) <br> *et al.*,  ) <br> ) <br> Defendants.  ) <br> ) | Case No. 3:23-cv-00028-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

*** *** *** ***

This matter is before the Court on the Defendants' Partial Motion to Dismiss. [R. 8.] In 2022, the Defendants—Franklin County and various county officers—engaged in two traffic stops that resulted in the Plaintiff's alleged injuries. [R. 1.] The Plaintiff brought this action claiming the Defendants' conduct during and surrounding the traffic stop violated state and federal law. *Id.* The Defendants argue this action should be partially dismissed because they are entitled to absolute immunity and the Plaintiff insufficiently stated his claims. [R. 8-1.] For the reasons stated below, the Court will **GRANT IN PART** and **DENY IN PART** the Defendants' Motion [R. 8].

**I**

On April 18, 2022, Plaintiff Christopher David was pulled over by Deputy Phillip Ray.[1] [R. 1 at 3.] Deputy Ray pulled the Plaintiff over for speeding and using a communication device while driving. *Id.* After being issued a ticket, Plaintiff David "pulled off at a high rate of speed

---

[1] The facts were taken from the Plaintiff's Complaint at [R. 1].

with [Deputy Ray] standing directly beside the vehicle," nearly striking Deputy Ray. *Id.* at 4. Because of the Plaintiff's erratic driving, Deputy Ray returned to his car and pulled the Plaintiff over for a second time. *Id.* Deputy Ray then "yanked the Plaintiff from the vehicle and began to strike him about his head, face and back." *Id.* at 4. The Plaintiff states he was not threatening, resisting, or attempting to flee the officer. *Id.* The Plaintiff further claims that Defendants Franklin County and Sheriff Quire knew that Defendant Ray was ill-equipped to serve as a police officer before his employment began and throughout his employment with the department. *Id.* at 5. After the incident, the Plaintiff alleges these Defendants allowed Deputy Ray to continue as a deputy "with full knowledge of his threat to the citizens of the Commonwealth of Kentucky." *Id.*

The Plaintiff brought this action against Defendants Ray, Quire, and Franklin County. He raises four distinct causes of action: (1) constitutional violations under § 1983 against all Defendants, (2) negligence and gross negligence against the individual Defendants, (3) assault and battery against Defendant Ray, and (4) abuse of public office under KRS §§ 446.070, 522.010, and 70.040 against Defendant Quire and Franklin County. The Defendants now move to dismiss Counts Two and Four, claiming they are immune from liability and that the Plaintiff has failed to state a claim. [R. 8.] The matter is now ripe for review.

**II**

The Defendants' Motion to Dismiss is brought pursuant to Rule 12(b)(6), which tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal

2

conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

Moreover, the facts that are pled must rise to the level of plausibility, not just possibility; "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). According to the Sixth Circuit, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A

First, the Defendants move to dismiss Count Two. Count Two raises a claim against the individual defendants (Quire and Ray) for negligence and gross negligence. First, the Defendants object to the Plaintiff's claims for negligence against Defendant Ray, arguing a defendant cannot be liable for assault and battery (intentional torts) in addition to negligence. [R. 6-1 at 19-21.] In their Response, the Plaintiff does not address their negligence claims against Defendant Ray. [R. 11.] Further, the Plaintiff's Complaint also does not clarify how Defendant Ray was negligent. [R. 1.] As such, the Court finds that the Plaintiff failed to state a claim to relief that is plausible on its face as it relates to Defendant Ray. Count Two is dismissed as to Defendant Ray.

Second, the Plaintiff appears to argue Defendant Quire negligently hired Ray, and that Defendant Quire negligently supervised Ray. An employer is liable for negligent hiring when "(1) the employer knew or reasonably should have known that an employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 733 (Ky. 2009) (citing *Oakley v. Flor-Shin*, 964 S.W.2d 438, 442 (Ky. 2009)). Kentucky also recognizes a cause of action for negligent supervision, which is comprised of the traditional common-law negligence elements. *See Cummins v. City of Augusta*, 2013 Ky. App. Unpub. LEXIS 784, at *9 (Ky. Ct. App. Sept. 27, 2013). Duty is established in that context by showing the employer "knew or had reason to know of the risk that the employment created." *Id.* (quoting *Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003)).

The claim centers around Defendant Quire's knowledge of the risk posed by hiring, employing, and equipping Defendant Ray. The Complaint alleges Defendant Quire knew Defendant Ray "overreacted to events, was violent, used unnecessary and excessive force, and was likely to violate FCSO policies and unnecessarily injure person with whom he came into contact." [R. 1 at 5.] It is plausible that if such knowledge is proven, the Plaintiff will be able to state a negligent hiring claim against Quire. If this allegation is true, the Defendant Quire would have owed the Plaintiff a duty by knowing Ray was unfit for his role. By allowing Defendant Ray to serve as an officer and engage with the Plaintiff, Quire may have breached that duty, causing injury through Ray's ability to use excessive force against them. Further, Quire would have known Ray was unfit and, by allowing him to serve as an officer and engage with the public, posed an unreasonable risk of harm to the Plaintiff. *See Oakley*, 964 S.W.2d at 442.

4

Accepting the Complaint's allegations as true, the Plaintiff has stated a plausible negligence claim against Defendant Quire.

**B**

Under Count Four, the Plaintiff claims Defendant Quire committed "abuse of public office." The Defendants argue this is not a tort recognized in Kentucky, so the Plaintiff has not stated a cognizable claim. [R. 6-1 at 16-18.] KRS § 446.070 allows someone injured by a violation of a statute to recover damages. This codifies the common law concept of negligence *per se*. *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 99 (Ky. 2000). Official misconduct is a criminal offense pursuant to KRS § 522.020 and 522.030. A public servant commits official misconduct if he:

> (a) Commits an act relating to his office which constitutes an unauthorized exercise of his official functions; or
> (b) Refrains from performing a duty imposed upon him by law or clearly inherent in the nature of his office; or
> (c) Violates any statute or lawfully adopted rule or regulation relating to his office.

*Id.* The Defendants cite to a case from the Western District in which the Court stated, "neither the Kentucky Revised Statutes nor Kentucky case law recognize a corresponding tort law claim for 'official misconduct.'" *Madden v. Calvert*, 1:16-cv-P147-GNS, 2017 U.S. Dist. LEXIS 160830, at *16-17 (W.D. Ky. Sept. 29, 2017). However, in a previous Opinion from this Court, it was noted that there was no suggestion that the plaintiff in *Madden* brought their cause of action for official misconduct pursuant to KRS § 446.070. *See Clark v. Franklin County*, 2022 WL 949892 (E.D. Ky. Mar. 29, 2022). The Court concludes here, as it did previously, that "it appears that KRS § 446.070 does provide a civil remedy for conduct in violation of KRS § 522.010, *et seq.*" *Id.* at *7.

Irrespective of the existence of a civil remedy, the "abuse of public office" claim can be decided on entirely different grounds. Count Four fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In his Complaint, the Plaintiff cites KRS Chapter 522 in its entirety, failing to specify which statute he is suing under. KRS Chapter 522 contains four different crimes: (1) official misconduct in the first degree, (2) official misconduct in the second degree, (3) misuse of confidential information, and (4) abuse of public trust. The Plaintiff does not identify which of these provisions he is suing under, and it is not the job of the Court to surmise. *Wright v. Beard*, 2014 WL 12769265, at *3 (W.D. Ky. Oct. 14, 2014) ("In order to properly evaluate the validity of the Plaintiff's negligence per se claim, it is necessary to know the precise statute, rule or law relied upon, other than simply KRS 522.020 and 522.030.").

Attempting to elucidate the grounds of his claim, the Plaintiff includes in his Response that "Official misconduct is a criminal offense pursuant to KRS 522.020 and KRS 522.030." [R. 11 at 6.] However, the Sixth Circuit has made clear that "a court considering a motion to dismiss must focus only on the allegations in the pleadings; this does not include plaintiffs' responses to a motion to dismiss." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).

Even if the Plaintiff specified the applicable statutory authority, the Complaint is insufficient to state a claim for relief for official misconduct. The only assertion relating to this claim is that Defendant Quire is liable to the Plaintiff because of his abuse of public office. [R. 1 at 6.] The Plaintiff argues that "public comment, investigation, and defense of other civil suits" clearly placed the Defendants "on notice of Defendant Ray's deficiencies, lack of capability of maintaining himself appropriately as an officer of the law and allowed him to continue as a deputy with full knowledge of his threat to the citizens of the Commonwealth of Kentucky." *Id.*

6

at 5. No facts are provided to explain the basis of the abuse of public office claim, leaving the Court to speculate about the extent to which Defendant Quire was on notice. Thus, simply stating that Defendant Quire is liable to the Plaintiff for abuse of public office because he was on notice of Defendant Ray's behavior is a conclusory statement and fails to state a plausible claim. *Twombly*, 550 U.S. at 557. Accordingly, the Court will dismiss Count Four.

The Plaintiff also makes a claim against the County for "abuse of public office." [R. 1 at 6.] However, KRS § 522.010 *et seq.* contemplates criminal penalties against people, not against a county. Similarly, the language of KRS § 70.040 refers to a county sheriff and his deputies, not a county. The Plaintiff provides no support for the assertion that their "abuse of public office" claim is allowed against a governmental body, and the Court is aware of no such case law. As such, the Plaintiff's "abuse of public office" claim against the County is dismissed.

**C**

Lastly, in his Complaint, the Plaintiff fails to specify whether the state law claims are brought against Sheriff Quire and Deputy Ray in their individual or official capacities. The Defendants argue that "[t]o the extent that Plaintiff purports to bring state law claims against Sheriff Quire and Deputy Ray in their official capacities, they are entitled to immunity." [R. 8-1 at 9.]

Under Kentucky law, agencies of the state possess governmental immunity from suits when an action is premised on the agency's performance of a governmental, as opposed to a proprietary, function. *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001). Here, there is no dispute that the law enforcement functions of the Franklin County Sheriff's Office are governmental—not proprietary. Thus, as employees of the Franklin County Sheriff's Office, the officers are also entitled to immunity because their "actions are afforded the same immunity, if any, to which the

7

agency, itself, would be entitled." *Id.* at 522. This is known as official immunity because, unlike governmental immunity, it extends immunity to the employees and officers, rather than to the government agency alone. *Id.*

As the Supreme Court of Kentucky explained in *Yanero*, absolute and qualified immunity, in relation to official immunity, have markedly different effects. *Id.* at 522. The primary difference being that when sued in an official capacity, the Defendant may be privileged to absolute official immunity. *Jones v. Cross*, 260 S.W.3d 343, 345 (Ky. 2008) ("[O]fficial immunity is absolute when an official's or an employee's actions are subject to suit in his official capacity."). When a Defendant is sued in their individual capacity, however, that Defendant enjoys only qualified official immunity. The qualified immunity analysis requires consideration of a number of factors, as the Plaintiff pointed out, including whether the actions were: (1) discretionary or ministerial, (2) taken in good faith, and (3) within the scope of the employee's authority. *Id.* at 522. However, such a factual analysis is not required where the focus is on claims asserted against a defendant in his or her official capacity.

The Plaintiff's Response to the Defendants' Motion to Dismiss assumes that Defendants are requesting dismissal on the basis of *qualified* official immunity, which they are not. In his Response, the Plaintiff primarily relies on *Johnson v. Moseley*, but that case deals with a "plaintiff's civil rights claim against the individual officers in their *individual* capacities." 790 F.3d 649, 653 (6th Cir. 2015) (emphasis added). Here, the Defendants request dismissal of claims in the Defendants' *official* capacity based on absolute official immunity. [R. 12 at 11.] As such, the majority of the Plaintiff's Response is inapplicable to the actual issue of absolute official immunity.

8

The Defendants have not moved to dismiss any claims asserted against them in their individual capacities. Thus, the issues of good faith and whether the actions were discretionary are not relevant. The Defendants have moved, however, to dismiss claims asserted against them in their official capacities. Thus, with respect to the state law claims, Defendant Quire and Defendant Ray are entitled to the protections of absolute official immunity because, at the time alleged by the Plaintiff, Defendant Quire was employed as a Sheriff by the Franklin County Sheriff's Office, Defendant Ray was employed as a Deputy by the Franklin County Sheriff's Office, and they both were performing a governmental function.

Lastly, under KRS § 70.040, the Kentucky Supreme Court held that the "statute clearly imposes liability on the sheriff in his official capacity for the acts committed by his deputies." *Jones v. Cross*, 260 S.W.3d 343, 346 (Ky. 2008). However, the Court agrees with the Defendants that to the extent the Plaintiff purports to bring official capacity claims against Sheriff Quire, the claims relate to Sheriff Quire's actions, not Deputy Ray's, which means KRS § 70.040 is inapplicable. In sum, to the extent the Plaintiff sues the Defendants in their official capacities, those claims are dismissed based on absolute official immunity.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendants' Motion for Partial Dismissal **[R. 8]** is **GRANTED IN PART** and **DENIED IN PART**;

2. Count II of the Plaintiff's Complaint **[R. 1]** is **DISMISSED** as to Defendant Ray;

3. Count IV of the Plaintiff's Complaint **[R. 1]** is **DISMISSED**; and

4. To the extent the Plaintiff's Complaint sues the Defendants in their official capacities **[R. 1]**, those claims are **DISMISSED**.

This the 8th day of February 2024.

Gregory F. Van Tatenhove
United States District Judge